IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DANIEL AMAYA, ) | |
| ) | |
| Petitioner, ) | |
| ) | Case No. 24-cv-3828 |
| v. ) | |
| ) | Judge Jeffrey I. Cummings |
| ) | |
| CHANCE JONES, Warden, ) | |
| Illinois River Correctional Center, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM OPINION AND ORDER**

Petitioner Daniel Amaya ("Amaya" or "petitioner"), a prisoner at the Illinois River Correctional Center, brings a habeas corpus petition pursuant to 28 U.S.C. §2254 challenging his criminal sexual assault and child pornography convictions from the Nineteenth Judicial Circuit Court, Lake County, Illinois. (Dckt. ##1, 6). Respondent moves to dismiss the petition with prejudice as untimely pursuant to the one-year statute of limitations set forth in 28 U.S.C. §2244(d). (Dckt. #19). In response, Amaya does not dispute that his petition is untimely but argues that the doctrine of equitable tolling excuses his untimely filing. For the reasons set forth below, the Court disagrees with petitioner and grants respondent's motion to dismiss.[1]

**I.    BACKGROUND**

When addressing a Section 2254 petition, federal courts "take the facts from the Illinois

---

[1] After the motion was fully briefed, petitioner filed a motion for leave to proceed *pro se*, (Dckt. #30), complaining of a breakdown of communication with his counsel. However, in light of this Opinion, and within the Court's discretion, petitioner's motion to proceed *pro se* is denied as moot. *See Stankewitz v. Ayers*, No. CIV. F-91-616-AWI-P, 2007 WL 4522610, at *1 (E.D.Cal. Dec. 18, 2007) ("The right to self-representation does not extend to post-conviction proceedings, but remains within the discretion of the Court.") (citing *Martinez v. Court of Appeal of California,* 528 U.S. 152, 163 (2000)).

Appellate Court's opinions because they are presumptively correct on habeas review." *Hartsfield v. Dorethy*, 949 F.3d 307, 309 n.1 (7th Cir. 2020) (citing 28 U.S.C. §2254(e)(1)). Accordingly, the Court draws the following facts primarily from the Illinois Appellate Court's September 17, 2015 opinion on petitioner's direct appeal, *People v. Amaya*, 2015 IL App (2d) 131077-U, 2015 WL 5478249 (Ill.App.Ct. Sept. 17, 2015); (Dckt. #20-1), and the Appellate Court's November 23, 2023 summary order concerning petitioner's postconviction petition, *People v. Amaya*, No. 2-22-0022, Summary Order (Ill.App.Ct. Nov. 23, 2022); (Dckt. #20-6) (hereafter "Summary Order").

Amaya was arrested in May 2012 after his wife Carolina found a video on a cell phone that depicted Amaya engaging in an act of sexual penetration with Carolina's thirteen-year-old daughter, C.L. (Summary Order at 1–2). This video was played during Amaya's jury trial, and the jury also heard testimony from C.L. that Amaya began engaging in sexual conduct towards her when she was eleven years old. (*Id.*; *see also* Dckt. #20-9 at 98). Specifically, C.L. testified that between the ages of eleven and thirteen, Amaya engaged in oral, vaginal, and/or anal sex with her on ten to fifteen occasions. (Dckt. #20-9 at 98–101). A certified Sexual Assault Nurse Examiner collected DNA swabs from C.L.'s leg on the day of the assault depicted in the video, and a forensic scientist testified at trial that the collected DNA contained sperm cells which matched Amaya's DNA. (*Id.* at 153–54, 202–03).

Ultimately, Amaya was convicted of two counts of criminal sexual assault, 720 ILCS 5/11-1.20(a)(3), and a single count of child pornography, *id.* §11-20.1(a)(1)). *Amaya*, 2015 IL App (2d) 131077-U, ¶2. He was sentenced to eleven years' imprisonment for each criminal-sexual-assault conviction and eighteen years' imprisonment for aggravated child pornography, to be served consecutively. *Id.*

Amaya appealed his conviction, arguing that he was improperly denied his right to self-representation. *Id*. ¶¶1, 10–13. On September 17, 2015, the Illinois Appellate Court rejected Amaya's argument regarding self-representation and affirmed his convictions.[2] *Id*. ¶15. On January 20, 2016, the Illinois Supreme Court denied Amaya's petition for leave to appeal. *Illinois v. Amaya*, No. 120175, 48 N.E.3d 673 (Ill. Jan. 20, 2016); (Dckt. #20-2). Petitioner did not file a petition for writ of certiorari with the United States Supreme Court.

On July 21, 2016, Amaya filed a *pro se* postconviction petition. The trial court appointed counsel, but a dispute arose and the court permitted Amaya to proceed *pro se* and to file an amended postconviction petition. (Dckt. #20-6 at 3). Amaya filed his amended postconviction petition in December 2020 asserting ineffective assistance of his trial and appellate counsel. (Dckt. #20-3). The State moved to dismiss, and the trial court dismissed the petition. (Summary Order at 3).

Amaya appealed and the trial court appointed the State Appellate Defender to represent him on appeal. (*Id*.). Ultimately, however, appointed counsel moved to withdraw pursuant to *Pennsylvania v. Finley*, 481 U.S. 551 (1987), and *People v. Lee*, 251 Ill. App. 3d 63 (1993), after concluding that there were no issues of arguable merit in the postconviction petition. (Dckt. #20-6 at 3). On November 23, 2022, the Appellate Court agreed, granted counsel's motion to withdraw, and affirmed the trial court's judgment. (*Id*. at 12). Petitioner filed a *pro se* petition for leave to appeal, (Dckt. #20-7), which was denied on March 29, 2023, (Dckt. #20-8).

Petitioner subsequently filed a *pro se* 28 U.S.C. §2254 habeas petition before this Court, again asserting improper denial of his right of self-representation and ineffective assistance of

---

[2] The Appellate Court did, however, correct the mittimus to reflect that petitioner was convicted of child pornography rather than aggravated child pornography.

3

counsel. (Dckt. #1). The petition was stamped as "RECEIVED" on May 10, 2024; however, petitioner's certificate of service indicates that he placed the petition in the prison's internal mail system on March 20, 2024. (Dckt. #1-1). Upon screening, the Court noted that the petition was untimely and ordered petitioner to show cause why the petition should not be dismissed. (Dckt. #7). Petitioner responded to the show cause order, (Dckt. #9), conceding that his petition was untimely, but arguing that the petition should proceed under the doctrines of equitable tolling and actual innocence. As a result, the Court allowed the petition to proceed and, shortly thereafter, an attorney filed an appearance on behalf of Amaya. (Dckt. #16). Respondent's motion to dismiss followed and has been fully briefed by the parties.[3]

## II. ANALYSIS

Respondent argues that Amaya's petition is untimely pursuant to the one-year statute of limitations set forth in 28 U.S.C. §2244(d), and that neither the doctrine of equitable tolling nor the actual innocence exception is applicable. In response, Amaya concedes that his petition is untimely, but argues that equitable tolling applies because he has been pursuing his rights diligently and extraordinary circumstances, i.e., limited access to the law library and his legal files during the Covid-19 pandemic, prevented a timely filing.[4] For the reasons that follow, the

---

[3] The Court notes that despite requesting multiple requests for extension of time, petitioner's response was filed weeks after the latest deadline to do so. In any event, the Court permitted the belated filing and advised the parties that it would consider the response on the merits. (Dckt. #28).

[4] Petitioner does not argue in his response that the actual innocence exception excuses his untimely petition. Accordingly, any such argument relating to that exception is deemed waived. *See, e.g., Sroga v. Rendered Servs. Inc.*, No. 19-CV-2299, 2019 WL 6173424, at *1 (N.D.Ill. Nov. 20, 2019) ("It is a longstanding rule that a plaintiff waives his claims when he fails to develop arguments or fails to respond to alleged deficiencies in a motion to dismiss.") (citing *Alioto v. Town of Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011)). Moreover, even if petitioner had not waived this argument, it would likely fall short. Indeed, to "pass through the actual innocence gateway to merits review of a time-barred §2254 petition, a state prisoner must establish that, in light of new evidence, it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt." *Patterson v. Adkins*, 124 F.4th 1035, 1046 (7th Cir. 2025) (cleaned up). Given the cell phone video, C.L.'s testimony, and the DNA evidence, it is exceedingly unlikely that Amaya could satisfy this standard.

Court disagrees and grants respondent's motion to dismiss.

### A. It is undisputed that Amaya's petition is untimely.

Amaya's case is governed by the one-year statute of limitations set forth in 28 U.S.C. §2244(d)(1). The one-year period starts on the latest date of the: (A) completion of direct appeal (or expiration of time to bring the direct appeal), (B) removal of an unconstitutional state-created impediment that had previously prevented the filing of the petition; (C) recognition of a new constitutional right by the Supreme Court of the United States that has been made retroactive on collateral review; or, (D) date on which the factual predicate of the claim could have been discovered through due diligence. *Id.* §2244(d)(1)(A)–(D). The one-year period is tolled when a petitioner's properly filed application for postconviction or other collateral relief is pending in the state courts. 28 U.S.C. §2244(d)(2).

As this Court already explained in its screening order, the Court calculates the statute of limitations pursuant to §2244(d)(1)(A), as the other sections are inapplicable here. That calculation—which petitioner does not dispute—is as follows:

> The final event in Petitioner's direct appeal was the denial of his petition for leave to appeal ("PLA") by the Supreme Court of Illinois on January 20, 2016. *Illinois v. Amaya*, No. 120175, 48 N.E.3d 673 (Ill. Jan. 20, 2016). The one-year limitations period under §2244(d)(1)(A), commenced on April 19, 2016, when the 90-day period for filing a petition for a writ of certiorari expired before the Supreme Court of the United States. *See Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012).
>
> Ninety-three (93) days ran against the one-year limitations period between the completion of direct appeal on April 19, 2016, and Petitioner's filing of his postconviction petition on July 21, 2016. (Dckt. #6 at 3). The statute of limitations period was tolled during the pendency of the state postconviction proceedings. 28 U.S.C. §2244(d)(2). The final event in the postconviction proceedings was the denial of Petitioner's PLA by the Supreme Court of Illinois on March 29, 2023. *Illinois v. Amaya*, No. 129374, 210 N.E.3d 790 (Ill. Mar. 29, 2023). The tolling effect of the postconviction proceedings under §2244(d)(2) ended with the denial of the PLA on March 29, 2023. *Lawrence v. Florida*, 549 U.S. 327, 332 (2007).
>
> As 93 days had already run against the statute of limitations between the completion

>of direct appeal and filing of the postconviction petition, Petitioner had 272 days remaining on his one-year period following the completion of his postconviction proceedings. As such, he had until December 26, 2023, to file the instant federal habeas corpus petition. However, his petition was not filed with this Court until March 20, 2024, (Dckt. #6 at 25), making it untimely.

(Dckt. #7 at 2–3) (cleaned up).

### B. Equitable tolling does not apply.

Next, Amaya argues that equitable tolling applies to excuse his untimely petition. To show that equitable tolling applies, Amaya must show that "(1) he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his path and prevented him from meeting the filing deadline." *Conner v. Reagle*, 82 F.4th 542, 550 (7th Cir. 2023) (citing *Holland v. Florida*, 560 U.S. 631, 649 (2010)). The petitioner seeking the tolling has the burden of demonstrating both of these requirements, *Carpenter v. Douma*, 840 F.3d 867, 870 (7th Cir. 2016), and, if either element is not met, equitable tolling does not apply, *Menominee Indian Tribe of Wisconsin v. United States*, 577 U.S. 250, 257 (2016). "Equitable tolling is a remedy reserved for the exceptional case and is therefore rarely granted." *Conner*, 82 F.4th at 550.

Here, even assuming Amaya pursued his rights diligently, he has failed to meet his burden to show that some extraordinary circumstance stood in his path and prevented him from meeting the filing deadline. Again, Amaya—who was housed at Pinckneyville Correctional Center for most (but not all) of the statute of limitations period—argues that (1) he had "practically non-existent" access to the law library due to the restrictions in place at Pinckneyville during and after the Covid-19 pandemic; and (2) he had minimal access to his legal materials, which were stored at a different location. In his response to the show cause order, Amaya further maintained that computers used for legal research were broken, and legal books were stolen or had pages ripped out, leaving the habeas materials useless. (Dckt. #9).

6

None of these circumstances are sufficient to warrant equitable tolling.

To begin, "[t]ime without law-library access or legal materials is not extraordinary." *Morales-Aguilar v. United States*, No. 19 C 5505, 2023 WL 2375064, at *3 (N.D.Ill. Mar. 6, 2023); *see also Ademiju v. United States*, 999 F.3d 474, 478 (7th Cir. 2021) (prison's "subpar law library" did not "support the extraordinary relief of equitable tolling."); *Tucker v. Kingston*, 538 F.3d 732, 735 (7th Cir. 2008) ("[A] a prisoner's limited access to the prison law library is not grounds for equitable tolling."); *Hodges v. Truitt*, No. 22 C 4205, 2023 WL 6290605, at *2 (N.D.Ill. Sept. 27, 2023) ("[Petitioner's] general arguments about limited access to the legal library or the time it took to access certain files does not constitute an extraordinary circumstance."). Similarly, "the Pandemic, by itself, does not constitute *per se* grounds for equitable tolling." *Katz v. U.S. Dep't of Labor*, 857 Fed.Appx. 859, 864 (7th Cir. 2021). Thus, Amaya's general complaints of minimal access to his files and the law library, along with a subpar library when it was accessible, do not amount to "extraordinary circumstances" sufficient to trigger equitable tolling.

Second—and more importantly—notwithstanding Amaya's purported minimal access to the law library and his legal files, he was able to pursue his postconviction remedies through the state court system *including* during the pandemic. Indeed, as the respondent correctly notes, during the pandemic, Amaya filed many detailed *pro se* filings in state court, specifically:

- In December 2020, petitioner filed a *pro se* amended postconviction petition alleging ineffective assistance of trial and appellate counsel, as he does in the instant federal habeas petition. (Dckt. #20-3);

- In July 2021, after the State moved to dismiss, petitioner filed a nineteen page *pro se* response. (Dckt. #20-4);

- In September 2022, on appeal, petitioner filed an eighty-three page *pro se* brief (including exhibits). (Dckt. #20-5); and

7

- Following the Appellate Court's decision in November 2022 affirming the dismissal of his postconviction petition, petitioner filed a lengthy *pro se* PLA in the Illinois Supreme Court. (Dckt. #20-7).

Given these filings, Amaya cannot demonstrate how the pandemic—and any resulting limitations therefrom—prevented him from meeting the filing deadline in *this* action. *See Obriecht v. Foster*, 727 F.3d 744, 751 (7th Cir. 2013) ("[Petitioner] has offered no explanation for how he was able to file in [his state court] cases but not in this one."); *Zuno v. Brannon-Dortch*, No. 21 C 4786, 2023 WL 4083907, at *6 (N.D.Ill. June 20, 2023) ("Petitioner provides no evidence suggesting that the Pandemic prevented him from bringing an otherwise timely filing. To the contrary, Petitioner was able to litigate during the Pandemic as he brought his PLA in December 2020.").

Third, petitioner himself acknowledges that any alleged barriers to filing were removed when he was transferred to the Illinois River Correctional Center on November 21, 2023, with over thirty-five days left in the statute of limitations period. (Dckt. #9 at 5 (On "[a]pproximately November 21, 2023, plaintiff transferred to Illinois River Correctional Center, where he was *able to file* a Habeas Corpus on March 20, 2024") (emphasis added)). Absent evidence to the contrary—and petitioner has presented none—his transfer to Illinois River left him with a reasonable amount of time to file a timely petition. *See Taylor v. Michael*, 724 F.3d 806, 811–12 (7th Cir. 2013) ("When an inmate, despite roadblocks thrown in his way, has reasonable time remaining to file a habeas petition in a timely manner, the circumstances cannot, as a definitional matter, be said to have prevented timely filing, as the standard requires.").

Petitioner's reliance on *Socha v. Boughton*, 763 F.3d 674 (7th Cir. 2014), for his conclusory proposition that thirty-six days is an unreasonable amount of time to file a habeas petition is misplaced. There, petitioner received his legal file with forty days remaining in the

filing period and—unlike here—*continued* to face multiple hurdles that prevented him from filing a timely petition during that forty-day period. *See Socha*, 763 F.3d at 684–87; *see United States v. Solano*, No. 3:11-CR-050 JD, 2014 WL 7236379, at *6 (N.D.Ind. Dec. 16, 2014), *aff'd*, 812 F.3d 573 (7th Cir. 2016). As the *Solano* court observed:

> That case (*Socha*) had many unique circumstances compared to the average request for equitable tolling. The petitioner had made repeated requests to his former counsel to send the petitioner's case file, which was necessary to develop his ineffective assistance and *Brady* arguments; he also made attempts to get alternate counsel. However, even despite repeated requests to turn over the petitioner's file, his former counsel either did not respond or did not comply with the request. Eventually, the petitioner received the file through the intervention of the attorney's supervisor. The Seventh Circuit distinguished these facts from "garden variety neglect of a client" and found that this was "a rarer instance where the materials necessary to conducting one's legal affairs were being unjustifiably held by a person who had no ability to use them." . . . When the petitioner did receive the file, he was in segregation with substantially limited access to the law library. Finally, the petitioner did file a request to extend the deadline to file within the time to file his petition and a district judge granted the extension (although a later district judge disagreed with the decision to grant the extension). In all, the Seventh Circuit found that the petitioner in *Socha* faced "nearly insurmountable" hurdles.

*Id.* (cleaned up). Just as in *Solano*, petitioner's showing in this case "fall[s] far short of the extraordinary circumstances the Seventh Circuit found warranted equitable tolling in *Socha*." *Id.*

Lastly, petitioner's request for an evidentiary hearing on the issue of equitable estoppel is denied. A hearing is "unnecessary" where, as here, "'the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" *Ademiju*, 999 F.3d at 478 (citing 28 U.S.C. §2255(b)). On the instant record, petitioner's "circumstances, even if they exist exactly as he alleges, do not warrant the exceptional relief of equitable tolling, and thus a hearing [is] not required."[5] *Ademiju*, 999 F.3d at 478.

---

[5] Specifically, petitioner maintains, without support, that a hearing is required to address "whether the law library had books available that would have told Petitioner that the statute of limitations was one year." (Dckt. #25 at 6). As respondent notes, petitioner has implied that he was aware of the one-year statute of limitations but mistakenly relied on the miscalculations of a "jailhouse lawyer." (Dckt. #9 at 1). Even presuming this is true, "a mistaken understanding about the deadline for filing is not grounds for equitable

For all of these reasons, petitioner has failed to meet his burden to show that equitable tolling applies to excuse his untimely filing, and respondent's motion to dismiss is granted.

C. **Certificate of Appealability and Notice of Appeal Rights**

The Court's dismissal of Amaya's petition is a final decision ending the case. Petitioner may appeal only if he obtains a certificate of appealability. Rule 11(a) of the Rules Governing §2254 Cases provides that the district court must issue or deny a certificate of appealability when it enters "a final order adverse to the applicant." *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) ("When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."). Here, the Court does not believe that a reasonable jurist could debate whether Amaya's petition was timely under §2244(d)(1) or whether equitable tolling should apply in this case. Accordingly, this Court declines to issue a certificate of appealability pursuant to 28 U.S.C. §2253(c)(2).

## CONCLUSION

For the foregoing reasons, respondent's motion to dismiss, (Dckt. #19), is granted and Amaya's petition, (Dckt. ##1, 6), is dismissed with prejudice as untimely.

**DATE: June 6, 2025**

Jeffrey I. Cummings
**United States District Court Judge**

---

tolling." *Robinson v. United States*, 416 F.3d 645, 651 n.1 (7th Cir. 2005). Similarly, to the extent petitioner implies to the contrary, "lack of representation is not on its own sufficient to warrant equitable tolling, nor is a petitioner's lack of legal training." *Socha*, 763 F.3d at 685.